STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

───────────────────────────────────────────

**WILLIAM J. WALTERS, JR.**

                                Plaintiff,

v.                                       Index No.:

**NEW YORK STATE POLICE**
1220 Washington Avenue, Building 22
Albany, NY 12226

**MAJOR AMIE P. FEROLETO,**
*individually and in her official capacity as*
*New York State Police Troop A Commanding Officer*
4525 W. Salle Drive
Batavia, NY 14020

                                Defendants.

───────────────────────────────────────────

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to appear in this action by serving your answer to the Complaint on the Plaintiff's attorney within the time limits stated below.

      Plaintiff designates Erie County as the place of trial. The basis for venue is Plaintiff's residence and the wrongful conduct alleged occurred within Erie County.

      **TIME LIMITS TO ANSWER:**

(1) If this summons is served by delivery to you personally within New York State, you must answer the Complaint within TWENTY (20) days after such delivery.

(2) If this summons is not served by delivery to you personally within New York State, and not served pursuant to CPLR 312-a, you must answer the Complaint within THIRTY (30) days after service is complete.

      **IF YOU FAIL TO ANSWER THE COMPLAINT** within the time stated, judgment will be entered against you for the relief demanded in the Complaint.

1

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over the causes of action alleged here, together with any other and further relief that the Court considers just and proper.

Dated: December 16, 2025
       Buffalo, New York

       **RUPP PFALZGRAF LLC**
       *Attorneys for Plaintiff William J. Walters, Jr.*

By: _____
    James J. Graber, Esq.
1600 Liberty Building
Buffalo, New York 14202
(716) 854-3400
graber@rupppfalzgraf.com

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

**WILLIAM J. WALTERS, JR.**

                Plaintiff,

v.                                                                Index No.:

**NEW YORK STATE POLICE**
1220 Washington Avenue, Building 22
Albany, NY 12226

**MAJOR AMIE P. FEROLETO,**
*individually and in her official capacity as*
*New York State Police Troop A Commanding Officer*
4525 W. Salle Drive
Batavia, NY 14020

                Defendants.

## COMPLAINT

Plaintiff, William J. Walters, Jr. ("Mr. Walters" or "Plaintiff"), by and through his attorneys, Rupp Pfalzgraf LLC, for his complaint against the New York State Police ("NYSP") and Major Amie P. Feroleto, NYSP Troop A Commanding Officer, alleges as follows:

## PRELIMINARY STATEMENT

This action arises from the unlawful seizure, possession, and continued retention by the NYSP of property belonging to Mr. Walters, and from NYSP's failure to return or account for such property despite repeated written and verbal demands. The NYSP's actions constitute conversion, deprivation of property without due process of law, and violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

3

Mr. Walters filed a Notice of Claim and later a formal demand letter, but NYSP has refused to return his property or provide any record of its disposition.

## PARTIES

1. At all relevant times, Plaintiff William J. Walters, Jr. was an individual residing in Erie County, New York.

2. Defendant New York State Police ("NYSP") is a law enforcement agency of the State of New York.

3. Defendant Major Amie P. Feroleto, NYSP Troop A Commanding Officer is sued in her official and individual capacities for oversight of the seizure and continued retention of Plaintiff's property.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to CPLR § 301 and § 302, as the causes of action arise under the laws of the State of New York and involve acts and omissions occurring within this State.

5. Venue is proper in Erie County pursuant to CPLR § 503(a) because the wrongful acts and omissions alleged herein occurred within Erie County, and Plaintiff resided in Erie County, New York at all relevant times.

## FACTUAL ALLEGATIONS

6. On or about March 13, 2023, Plaintiff was stopped and arrested by members of the NYSP.

7. During and following his arrest, NYSP seized several items of Plaintiff's personal property, including:

- Two (2) necklaces of significant monetary and sentimental value;
- Two (2) pairs of prescription glasses;
- Two (2) folding pocketknives;
- Two (2) Maglite flashlights;
- A mechanics bag full of tools;
- A mechanics bag with a truck jack;
- A 12-volt air compressor;
- A leather wallet containing credit cards, a Social Security card, and paperwork;
- A $CO_2$ Air Pistol Paintball gun with $CO_2$ cartridges, extra magazines, paint ball pellets, and a case;
- Electronic dog training collars and dog equipment;
- Personal clothing;
- One (1) cell phone accessed by NYSP approximately 45–60 days after the arrest at a meeting with Mr. Walters but never returned; and

- Approximately $7,000 in U.S. currency left inside the truck Mr. Walters was driving when it was towed by or under the authority of NYSP following the arrest.

8. NYSP has since failed to return or account for these items.

9. Despite repeated demands – both informal and a formal demand letter dated August 28, 2025 (*see* **Ex. A**) – NYSP has refused to return or explain the disposition of Plaintiff's property.

10. Plaintiff also filed a Notice of Claim pursuant to applicable New York State law, served upon both NYSP Legal Bureau and Troop A Headquarters, on or about October 9, 2025. *See* **Ex. B**.

11. To date, Defendants have not responded to either the Notice of Claim or the demand letter.

12. Plaintiff's counsel expressly demanded an inventory, chain-of-custody records, and any disposition documentation, but Defendants have produced none.

13. Upon information and belief, Plaintiff's property remains in Defendants' custody or was otherwise mishandled or transferred without authorization.

6

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Fourteenth Amendment – Procedural Due Process
### (42 U.S.C. § 1983 – Against All Defendants)

14. Plaintiff incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

15. Defendants, acting under color of state law, deprived Plaintiff of property without due process of law by retaining, mishandling, or disposing of his property without providing notice or an opportunity to be heard.

16. The seizure and continued retention were not conducted pursuant to any lawful forfeiture process, inventory procedure, or judicial order.

17. Defendants' failure to provide notice, a hearing, or any procedural safeguard constitutes a violation of Plaintiff's rights under the Fourteenth Amendment.

18. As a direct and proximate result, Plaintiff suffered loss of personal property, emotional distress, and economic harm.

### SECOND CAUSE OF ACTION
### *Monell* Liability – Policy, Custom, and Practice / Failure to Train and Supervise
### (42 U.S.C. § 1983 – Against All Defendants)

19. Plaintiff incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

7

20. Defendants developed and maintained policies, customs, and practices exhibiting deliberate indifference to citizens' constitutional rights by failing to:

    a. Implement procedures for inventorying and returning seized property;

    b. Train officers on due process requirements before disposing of property; and

    c. Supervise and discipline personnel who unlawfully retain or lose property.

21. Defendants' customs and failures reflect systemic disregard for constitutional protections, directly causing Plaintiff's injuries.

22. As a result, Plaintiff was deprived of property and due process protections guaranteed by the Fourteenth Amendment.

### THIRD CAUSE OF ACTION
### Conversion Under New York State Law
### (Against All Defendants)

23. Plaintiff incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

24. Plaintiff had a possessory right to his personal property, which Defendants wrongfully exercised dominion and control over.

25. Even assuming NYSP initially obtained lawful possession, their refusal to return the property upon demand constitutes conversion under New York law.

26. Mr. Walters has been damaged thereby in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. For return of all his personal property unlawfully taken or retained by Defendants;

b. In the alternative, for damages equal to the fair market value of said property;

c. For compensatory damages in an amount to be determined at trial, but exceeding the jurisdictional limits of all lower courts;

d. For punitive damages in an amount to be determined at trial;

e. For interest, costs, disbursements, and attorneys' fees pursuant to 42 U.S.C. § 1988; and

f. For such other and further relief as the Court deems just and proper.

Dated: December 16, 2025
Buffalo, New York

           **RUPP PFALZGRAF LLC**
           *Attorneys for Plaintiff William J. Walters, Jr.*

By: _____
      James J. Graber, Esq.
1600 Liberty Building
Buffalo, New York 14202
(716) 854-3400
graber@rupppfalzgraf.com

# Exhibit A



1600 Liberty Building, 424 Main Street, Buffalo, New York 14202
P 716.854.3400 ◆ www.RuppPfalzgraf.com

JAMES J. GRABER, ESQ.
Graber@RuppPfalzgraf.com

August 28, 2025

Via Regular Mail

New York State Police - Troop A Headquarters
4525 W Saile Dr,
Batavia, NY 14020

Dear Sir or Madam:

      Re: Demand Letter
        <u>Our File No.: 10175.41802</u>

  This firm represents Mr. William Walters regarding the seizure, possession, and failure to return certain items of personal property taken into the custody of the New York State Police ("NYSP"). Accordingly, direct any future communications regarding this matter to my attention.

  This letter serves as a formal demand for the immediate return of Mr. Walters' property and to preserve any legal claims resulting from NYSP's continued unlawful dominion over that property.

  As you are aware, Mr. Walters was stopped and arrested by the New York State Police on or about March 20, 2023. Since that time, the following items of Mr. Walters' personal property were seized or otherwise came into NYSP's possession:

- Two (2) necklaces with significant monetary and sentimental value;
- A cell phone accessed by NYSP approximately 45–60 days after the arrest at a meeting with Mr. Walters, but never returned;
- $7,000 in cash left inside Mr. Walters' truck when it was towed following the arrest.

  Despite repeated requests, these items have not been returned, and NYSP has failed to provide any complete or accurate inventory, chain-of-custody documentation, or explanation regarding their disposition.

  Under New York law, a claim for conversion arises where property is taken and unlawfully retained or transferred in derogation of the rightful owner's interest. *See Colavito v.*

**RUPP PFALZGRAF** LLC

August 29, 2025
Page 2

*New York Organ Donor Network, Inc.*, 8 N.Y.3d 43, 50 (2006). Even where initial possession was lawful, conversion arises upon refusal to return the property following demand. *See Ciprich v. Atwood*, 163 A.D.3d 1332, 1334 (3rd Dept. 2018). Your refusal to return Mr. Walters' property at this juncture constitutes such a conversion.

To resolve this matter amicably and without litigation, we demand that the NYSP:

1) Immediately return all remaining property belonging to Mr. Walters including the two necklaces, cell phone, and $7,000 cash;

2) Provide a complete and certified inventory of all property seized from Mr. Walters or his vehicle;

3) Identify and account for any property transferred to third parties, destroyed, or forfeited, including the legal authority for such actions;

4) Produce chain-of-custody records, video footage, internal communications, and evidence logs concerning the seizure and disposition of Mr. Walters' property; and

5) Preserve all records, communications, and evidence relevant to this matter for potential litigation.

Absent full compliance within ten (10) business days of this letter, we will assume the NYSP does not intend to voluntarily resolve this matter. In that event, we intend to commence legal action on Mr. Walters' behalf, including but not limited to, filing claims for conversion, a petition under CPLR Article 78, and a civil rights action under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment due process rights. Please be advised that if we are forced to commence legal action, we will seek interest, costs, disbursements, attorneys' fees, and any other damages available to Mr. Walters.

This letter is not intended to be a full recitation of the facts. Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of Mr. Walters' rights or remedies, either at law or in equity, in connection with any of the matters raised here, all of which expressly are reserved.

Save yourself the effort of a responsive letter disputing what happened. If you want to resolve this, you can comply with the above outlined demands. Otherwise, we are suing. There is no third option. The choice is yours.

Sincerely,

James J. Graber, Esq.

# Exhibit B

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

WILLIAM J. WALTERS, JR.

        Claimant,

v.                  **NOTICE OF CLAIM**

NEW YORK STATE POLICE

        Respondent.

---

STATE OF NEW YORK    )
              ss:
COUNTY OF ERIE      )

**TO:**  **NEW YORK STATE POLICE**

    **Attn: Legal Bureau**
    **1220 Washington Avenue, Building 22**
    **Albany, New York 12226**

    and

    **New York State Police – Troop A Headquarters**
    **Attn: Commanding Officer**
    **4525 W. Saile Drive**
    **Batavia, New York 14020**

    **PLEASE TAKE NOTICE** that **WILLIAM J. WALTERS, JR.**, by and through his attorneys **RUPP PFALZGRAF LLC,** hereby makes and files this **Notice of Claim** against the **NEW YORK STATE POLICE**, pursuant to applicable law including but not limited to **Court of Claims Act §§ 10 and 11** and **General Municipal Law § 50-e**, and in support thereof respectfully alleges as follows:

1.    **Claimant:**

William J. Walters, Jr.
Ulster Correctional Facility
750 Berme Rd.
Napanoch, NY 12458

2.    **Claimant's Attorneys:**

James J. Graber, Esq. of
Rupp Pfalzgraf LLC
1600 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 854-3400
Graber@RuppPfalzgraf.com

3.    **Nature of the Claim:** This claim arises from the unlawful seizure, possession, and continued retention by the New York State Police ("NYSP") of property belonging to the Claimant.

Despite repeated demands, the NYSP has failed and refused to return such property, constituting conversion, deprivation of property without due process of law, and violations of Claimant's rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

4.    **Description of the Time, Place, and Manner of Occurrence:** On or about March 20, 2023, Mr. Walters was stopped and arrested by members of the New York State Police. Following the arrest, NYSP seized and took possession of various items of Claimant's personal property, including but not limited to:

- Two (2) necklaces of significant monetary and sentimental value;

- One (1) cell phone accessed by NYSP approximately 45–60 days after the arrest at a meeting with Mr. Walters but never returned; and

- Approximately $7,000 in U.S. currency left inside Mr. Walters' truck when it was towed by or under the authority of NYSP following the arrest.

Since that time, NYSP has failed to return the property or to provide any full or accurate inventory, chain-of-custody record, or disposition explanation.

Despite numerous written and verbal demands, including a formal demand letter dated August 28, 2025, NYSP continues to retain or otherwise fail to account for Claimant's property.

5. **Manner of Negligence and Wrongful Conduct**: The New York State Police, through its officers, agents, and employees, have:

- Wrongfully exercised dominion and control over Claimant's property;

- Failed and refused to return such property upon lawful demand;

- Neglected to maintain, inventory, or document said property; and

- Failed to account for its current location, status, or disposition.

Such acts and omissions constitute:

- Conversion under New York law;

- Negligent handling and custody of personal property; and

- Violation of constitutional due process rights under color of state law, actionable under 42 U.S.C. § 1983.

3

6. **Items of Damage or Injuries Sustained:** As a direct and proximate result of the Respondent's wrongful conduct, Claimant has suffered:

- Permanent deprivation of valuable and identifying personal property;
- Loss of cash and jewelry of both economic and sentimental worth;
- Emotional distress, frustration, and anxiety resulting from Respondent's refusal to account for or return his property; and
- Legal fees and expenses incurred to seek return of his property and preserve his rights.

Claimant's damages are ongoing and presently estimated to exceed $75,000, subject to revision as discovery proceeds.

7. **Demand:** Claimant demands immediate return of all personal property described above and compensation for all resulting losses, including damages, interest, costs, and attorneys' fees as permitted by law.

**WHEREFORE**, Claimant William J. Walters, Jr. respectfully demands that the New York State Police, and all officers, agents, and employees acting within the scope of their employment, be held fully liable for their unlawful seizure, retention, and failure to return his personal property. Respondent is hereby notified that unless this claim is resolved within the time provided by law from the date of its presentation, Claimant intends to commence an action

against the State of New York and its agents for all available relief, including but not limited to damages for conversion, violations of due process and constitutional rights under 42 U.S.C. § 1983, interest, costs, disbursements, and attorneys' fees.

_____
James J. Graber, Esq.

Sworn to before me this
9th day of October, 2025.

_____
Notary Public

JODI L. FOLEY-JOHNSTON
Notary Public, State of New York
Reg No. 01FO6033530
Qualified in Erie County
My Commission Expires Nov. 22, 2025

5